## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FG HEMISPHERE ASSOCIATES,
LLC,

   Plaintiff,

v.

DEMOCRATIC REPUBLIC OF CONGO
*et al.*

Defendants.

       Civil No. **PJM 22-2369**

### MEMORANDUM OPINION

Plaintiff FG Hemisphere Associates, LLC ("FGH") has filed a Motion for Writ of Attachment Before Judgment, requesting that the Court freeze Defendants' assets while discovery into their true ownership proceeds. ECF No. 3. Defendants Balanne Family Living Trust, Aneth Dorah SF Mtwale, and Selemani Francis Mtwale (collectively "Defendants") have filed a Motion to Dismiss. ECF No. 24. Plaintiff's Motion will be **GRANTED**, Defendants' **DENIED**.

FGH holds two judgments against nonparties the Democratic Republic of Congo ("DRC") and Societe Nationale D'Electricite ("SNDE") that it has registered in Maryland. FGH believes it has located assets in Maryland — four pieces of real estate in Montgomery County — titled in the names of Defendants that it says are actually assets of the DRC and SDNE that should be available for FGH to execute upon, with sales proceeds being applied against the judgments FGH holds against the DRC and SDNE.

To that end, FGH has filed a complaint seeking, inter alia, that a constructive trust be imposed upon the four pieces of real estate, and, at the outset, seeks to have the Court freeze the

properties pending a merits decision as to whether the properties are indeed truly assets of the DRC and SDNE.

Defendants — all of whom allegedly have or have had a family or professional relationship with the DRC and/or its former President Joseph Kabila — oppose FGH's requests and have asked the Court to dismiss the case on the basis of lack of standing, limitations, and failure to state a claim.

## I.

Since the factual background of the case is somewhat convoluted, the Court feels it might be useful to state its conclusions first, its factual predicate subsequently. Here, then, are the Court's conclusions:

1. FGH may proceed pursuant Maryland Rule 2-651, and is entitled to have an attachment before judgment with respect to the four pieces of estate presently titled in the names of Defendants. Md. R. Civ. P. 2-651. [1]

2. FGH is not required to proceed by way of garnishment, pursuant to Maryland Rule 2-645, as Defendants argue, although Plaintiff might have chosen to do so.

3. FGH has standing because it is the judgment creditor of two foreign judgments registered in Maryland — one against the DRC and the other against SDNE. *See* 22-cv-444 ECF No. 1. If FGH can demonstrate that the properties in question are traceably assets of the

---

[1] Litigants in federal court may seek to apply certain state court pre-trial remedies. Fed. R. Civ. P. 64(a). Maryland Rule 2-651 provides: "Upon motion and proof of service, a court in which a judgment has been entered or recorded may order such relief regarding property subject to enforcement of the judgment as may be deemed necessary and appropriate to aid enforcement of the judgment pursuant to these rules." Md. R. Civ. P. 2-651.

DRC or SDNE, then it will necessarily have shown that it has been injured by the fact that the properties are being held without right by Defendants and that the imposition of a trust as to the properties would afford appropriate redress.

4.  There is no statute of limitations problem on the face of the Complaint. If the DRC's alleged sleight of hand with the properties is proven, then the correct temporal limitation, if any, would be one of laches, not a strict 3-year statute of limitations. That said, insofar as the DRC's actions may have been undertaken by means of active concealment, any discovery rule for laches purposes would obviously affect whether FGH has acted with appropriate diligence in bringing suit and would be litigated in the course of this proceeding.

5.  FGH·has pleaded sufficient facts to permit Defendants to respond and for the case to go forward. As detailed below, former DRC President Joseph Kabila was credibly accused of looting public funds as of the time he left office as President of the DRC in 2019. *See* 22-cv-2369 ECF No. 1. Defendants Francis Selemani Mtwale and Aneth Dorah SF Mtwale are, respectively, said to be the brother and sister-in-law of Kabila. *Id.* Allegedly, Kabila caused funds from the DRC to be routed through a series of banks and other entities, transactions in which one or more individual Defendants allegedly played prominent roles. *Id.* It bears noting that Defendants may have purchased each of the Maryland properties — for an approximate total of $4,156,956.00 all cash, with no mortgages involved — all under suspicious circumstances.[2] *Id.* at ¶¶ 67, 72, 74, 75, 77.

---

[2] The first property purchased in Maryland by Selemani and Lutale on April 10, 2015, for approximately $670,000 was a single-family four-bedroom row house in Rockville, Maryland. On May 15, 2018, Selemani and Lutale purchased a three-bedroom, four-floor luxury townhouse in Bethesda, Maryland through the Balanne Trust for approximately $1,224,999. On December 18, 2018, Selemani and Lutale purchased a three-bedroom luxury townhouse in Bethesda, Maryland through the Balanne Trust for approximately $884,720. On December 18, 2018, Selemani and Lutale purchased a three-bedroom luxury townhouse in Bethesda, Maryland through the Balanne Trust for approximately $1,377,237.

Discovery in the case may reveal other suspicious circumstances of the purchases. That, in the Court's view, suffices for the Court to order a freeze on the assets pending a decision on the merits pursuant to Maryland Rule 2-651.

6. Finally, the precise manner in which a freeze on the properties is accomplished would seem to make little practical difference — whether it is implemented by way of Md. Rule 2-651 or by way of an attachment before judgment pursuant to Md. Rule 2-645. In either event Defendants will have a full opportunity to defend against FGH's claims. Moreover, it seems unlikely, given that the disputed assets are real estate — that Defendants will be prejudiced while the litigation pends. As of now, Defendants remain the ostensible owners, occupants, or landlords of the properties.

7. The short of the matter, then, is that Defendants' Motion to Dismiss will be **DENIED** and an injunction freezing Defendants real properties **WILL ISSUE**.

## II.   FACTUAL BACKGROUND

FGH holds two final, unsatisfied U.S. judgments against the DRC and the SNDE. FGH's unsatisfied judgments stem from awards obtained from the International Court of Arbitration by FGH's predecessor-in-interest, Energoinvest DD ("Energoinvest"). The principal amount of these two awards exceeds $30 million and they continue to accrue interest. Based on the International Court of Arbitration's awards, the United States District Court for the District of Columbia entered two final judgments in favor of Energoinvest against DRC and SNDE:

(1) **Judgment of September 19, 2004** ("2004 Judgment)[3] in favor of Energoinvest in the amount of $11,725,844.96, together with accruing interest; and

---

[3] The first judgment awarded Energoinvest: "'(1) $11,725,844.96 plus interest at an annual rate of 9% on the sum of $11,179,266.36, to be calculated based on the amount of each overdue installment payment included in said sum, starting on the respective due date and up to the date of full payment; (2) interest at an annual rate of 5% on the sum of $546,578.60, starting on March 4, 2001 and up to the date of full payment; and (3) costs in the amount of $25,000

(2) **Judgment of January 31, 2005** ("2005 Judgment")[4] in favor of the current Plaintiff, FGH, in the amount of $18,430,555.47, together with accruing interest (collectively, the "Judgments").

On December 19, 2015, in an action entitled *FG Hemisphere v. Democratic Republic of Congo and Societe Nationale D'Electricite*, Civil Nos. 03-1314 and 03-1315, Judge Richard Leon of the D.C. Federal Court issued an order reviving the Judgments for an additional period of twelve years, pursuant to D.C. Code §§ 15-101, 103. *See* 22-cv-444 ECF No. 1 Ex. 2.

On December 2, 2021, FGH registered these Foreign Judgments in the District of Maryland. 22-cv-444 ECF No. 1. It then proceeded to directly file for a Writ of Execution based on its conviction that certain assets titled in the names of Maryland-based relatives of the former President of DRC Joseph Kabila — the four pieces of real estate located in Montgomery County, Maryland — were in fact and incontrovertibly purchased with funds embezzled by Kabila from the DRC. 22-cv-444 ECF No. 4. FGH believed it was entitled to these funds per the judgments it won in the District of Columbia. *Id.* The referenced Maryland properties, however, were and are titled in the names of the individual Defendants in this case, not in the names of the judgment debtors of the judgments FGH holds. Nonetheless, FGH took the position that it could directly execute upon the Maryland assets. This Court, however, found that since Defendants were not named debtors of the registered foreign judgments, and because there was no conclusive proof that

---

for International Court of Arbitration's administrative costs, $220,900 for the fees of arbitrators, and $168,000 as reimbursement for Energoinvest DD's defense'". 22-cv-444 ECF No. 1 at 1.

[4] The second judgment awarded Energoinvest: "'$18,430,555.47 plus interest at an annual rate of 8.75% on the sum of $18,073,746.94, to be calculated based on the amount of each overdue installment payment included in said sum, starting on the respective due date and up to the date of full payment; (2) interest at an annual rate of 5% on the sum of $356,808.53, starting on March 4, 2001 and up to the date of full payment; and (3) costs in the amount of $25,000, for International Court of Arbitration's administrative costs, $215,880 for the fees of arbitrators, and $168,000 as reimbursement for FG Hemisphere Associates, LLC's defense.'" 22-cv-444 ECF No. 1-3 at 1-2.

the properties in fact belonged to the DRC, an ancillary proceeding would be necessary to determine the true ownership of the properties. *See* 22-cv-444 ECF No. 40.

Following the Court's decision, FGH filed a Complaint and Motion for Writ of Attachment Before Judgment in the instant case. 22-cv-2369 ECF Nos. 1 and 3. In the Complaint and the Motion, FGH presented essentially the same facts detailing the alleged embezzlement scheme it had set forth in its December 3, 2021 filings. *See id;* 22-cv-444 ECF Nos. 4 and 6. On October 11, 2022, Defendants filed their Motion to Dismiss FGH's Complaint as well as a Response in Opposition to the Motion for Writ of Attachment Before Judgment. 22-cv-2369 ECF Nos. 24 and 25. On January 11, 2023, the Court held a Motions Hearing on both Motions. 22-cv-2369 ECF No. 33. The Court now rules on the Motions.

## III. STANDARD OF REVIEW

A motion to dismiss a complaint will be granted where the complaint's allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough for a plaintiff to assert a legal conclusion without more; statements of bare legal conclusions "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A party may move for dismissal of a lawsuit against it pursuant to Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). "Article III gives federal courts jurisdiction only over 'cases and controversies,' U.S. Const. art. III, § 2, cl. 1, and the doctrine of standing identifies disputes appropriate for judicial resolution." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464,

6

471–76 (1982)). To establish "the 'irreducible constitutional minimum' of standing" at the pleading stage, a plaintiff must "clearly . . . allege facts demonstrating" that it "ha[s](1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), the question is whether the complaint has set out sufficient factual allegations that, taken as a whole, state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating a motion to dismiss, the "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, such deference is not accorded to labels and legal conclusions, formulaic recitations of the elements of a cause of action, and bare assertions devoid of further factual enhancement. *Ashcroft*, 556 U.S. at 678.

## IV.  DISCUSSION

Based on a claim that embezzlement by the DRC and/or Joseph Kabila that may have directly involved Defendants, FGH alleges that sums of money belonging to the DRC and/or Kabila ended up in Defendants' hands and were used to purchase the properties at issue. As a judgment creditor of the DRC, FGH wants to seize the properties to satisfy, if only in part, the judgments it holds against the DRC. To that end, FGH has moved for a Writ of Attachment before Judgment. Defendants have moved to dismiss FGH's claims, arguing that FGH lacks standing, that its causes of action violate the statute of limitations, and that, overall, FGH has insufficiently pled its case.

**A.**

The Court first addresses Defendants' Motion to Dismiss, beginning with their argument that FGH lacks the standing to bring its claims.

To establish standing, a plaintiff must show that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (quoting *Lujan*, 504 U.S. at 560-61).

Defendants' argument proceeds as follows: FGH seeks to attach property owned by Defendants on the basis of an alleged series of fraudulent financial transactions that occurred decades after the judgments which FGH holds were handed down. Defendants submit that this alleged intricate series of financial transactions — in which third parties supposedly either embezzled funds of the DRC or were recipients of same — is merely conjecture. Even if proven to be true, say Defendants, this wrongdoing does not confer standing on FGH to enforce the judgments because there is no nexus between the alleged wrongful conduct by Joseph Kabila, the enforcement of FGH's arbitral awards, Defendants, and the properties at issue. Further, according to Defendants, the alleged harm to FGH is not concrete because FGH is not the original judgment holder, nor is it in privity with any transactions involving the DRC, the judgment debtor, nor with any of the other parties. Defendants argue that the lack of privity is fatal to FGH's claims. *See* 22-cv-2369 ECF No. 24 at 9 (citing *Tidewater Invs., Ltd. v. United Dominion Realty Tr., Inc.*, 804 F.2d 293 (4th Cir. 1986); *In re Corp. Res.*, 849 F.App'x 320 (2d Cir. 2021)).

In response, FGH argues that it is clearly a judgment creditor of the DRC, that it has been harmed by the DRC's failure to satisfy FGH's judgments and by the DRC's allegedly fraudulent conveyances to Defendants. FGH says it legally purchased the rights and claims to the underlying

arbitration awards (pursuant to an Assignment Agreement) which underpin the two final, enforceable judgments against the DRC and SNDE that have been confirmed by the United States District Court, District of Columbia and which have since been registered in this Court. *See* 22-cv-2369 ECF No. 1. To date, says Plaintiff, the DRC and SNDE have failed to satisfy the judgments. *See* 22-cv-2369 ECF No. 4. FGH submits that this, in conjunction with financial information it has provided so far linking the properties in question to the DRC's money, more than suffices to establish a link between Defendants' properties and FGH's potential recovery of same. Further, says FGH, privity, as Defendants define it, is not relevant to the discussion of standing.

The Court finds FGH's arguments more persuasive. The DRC's failure to satisfy the judgments that FGH holds is a concrete injury. The copious financial data that FGH has provided quite possibly connecting the purchase money for Defendants' properties to DRC's assets links the two such that FGH's harm could fairly be traced to Defendants' behavior. If Plaintiff successfully traces the purchase money for the Maryland properties to the DRC and/or Kabila, seizure and sale of the properties will redress Plaintiff's injury. The Court is satisfied at the Motion to Dismiss stage that FGH has alleged facts establishing its standing.

**B.**

Defendants next contend that FGH's pleadings are devoid of facts stating a claim on which relief can be granted. The Court disagrees. The heart of FGH's argument is that there was fraud on the part of the DRC, leading to a transfer of illicit funds to Defendants. This naturally raises questions of possible concealment by Kabila and Defendants. To appropriately probe such a claim, FGH is entitled to a reasonable opportunity to develop credible proof, by way of discovery, before

being dismissed for failure to state a claim. The persuasiveness of its proof, of course, will be for the trier of fact to decide.

## C.

Defendants initially argued that FGH had not prayed for any cognizable relief because it had not clearly requested an attachment before judgment. Defendants suggested that the relief requested — declaratory relief and a constructive trust — would neither end the case nor satisfy FGH's desire for an attachment. The argument is now moot, since Plaintiff has filed for a Writ of Attachment before Judgment. Still, Defendants insist that the only viable way for Plaintiff to obtain an attachment before judgment under Maryland law would be through a garnishment proceeding.[5] Since FGH did not pray for that relief, initially at least, and since that relief is barred by the statute of limitations, so say Defendants, the case should not be allowed to go forward. The Court rejects Defendants' argument. As just indicated, it is clear that FGH has now specifically prayed for relief that the properties in question, if successfully linked to the DRC or Joseph Kabila, must be sold. Nor is Plaintiff limited to proceeding by way of garnishment.

While Defendants might not feel comfortable with the particular procedural vehicle FGH has chosen to pursue, ultimately what FGH clearly seeks is viable relief, i.e. that a constructive trust be imposed on Defendants' assets and, by implication, that the assets be sold. A constructive

---

[5] Maryland Rule of Civil Procedure 2-645 addresses Garnishment of Property. The rule states that, "[s]ubject to the provisions of Rule 2-645.1, this Rule governs garnishment of any property of the judgment debtor, other than wages subject to Rule 2-646 and a partnership interest subject to a charging order, in the hands of a third person for the purpose of satisfying a money judgment. Property includes any debt owed to the judgment debtor, whether immediately payable or unmatured." Md. R. Civ. P. 2-645(a). Defendants then go on to assert that Maryland Rule 2-645 cannot apply since it has not been established that Defendants owe any money to FGH's judgment debtors. But that is essentially what the case is all about. Can Plaintiff show that Defendants, in effect, do owe money to FGH's judgment debtors?

trust is imposed to remedy the supposedly wrongful or inequitable acquisition of legal title by Defendants to the properties in question. *See Hess v. Kafka*, 221 F. Supp. 3d 669, 673 (D. Md. 2016). The imposition of such a trust is appropriate when the property at issue "was acquired through duress, fraud, undue influence or mistake, or through a breach of fiduciary duty, or through wrongful disposition of another's property." *Id.* (quoting *City of Annapolis v. West Annapolis Fire &Improvement Co.*, 288 A.2d 151, 155 (Md. 1972)). Given that FGH has alleged with plausible foundation that Defendants' property was purchased with embezzled funds, the Court finds this relief would be entirely proper.

The pre-judgment attachment Plaintiff seeks is designed to protect the assets in dispute and have them available for execution if and when FGH has proven its basic claim, viz. that the funds of the DRC were illicitly transmitted to Defendants who used them to purchase the properties. In the event that the assets are ultimately determined to be properties of the DRC, a Writ of Execution and Sheriff's sale would then be available by way of an ancillary proceeding, *See* 22-cv-444 ECF No. 4 (Plaintiff's prematurely filed Writ of Execution).

Summing up, the Court finds that FGH has established standing, is not out of Court by reason of laches, and has stated a claim upon which relief can be granted. Accordingly, Defendants' Motion to Dismiss is **DENIED.**

## V.

The remaining issue for resolution is the availability vel non of FGH's Motion for Writ of Attachment.

11

Federal Rule of Civil Procedure 64(a) explicitly recognizes the availability of the remedy of attachment under state law:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Both Plaintiff and Defendants thus look to Maryland law regarding the proper circumstances for an attachment before judgment, which provides that "[a] court of law . . . may issue an attachment at the commencement of the action or while it is pending against any property or credits, whether matured or unmatured, belonging to the debtor upon the application of the plaintiff in the action." Md. Code Ann., Cts. & Jud. Proc. § 3-302. The more frequently invoked standard for obtaining an attachment before judgment in Maryland is set forth in Section 3-303 of that statute, which provides:

(a)  An attachment before judgment may issue in any of the instances in this section.

(b) If the debtor is a nonresident individual, or a corporation which has no resident agent in this State, and:

> (1) The debtor is a person over whom the court could exercise personal jurisdiction pursuant to §§ 6-102, 6-103, and 6-104 of this article; or

> (2) The action involves claims to property in this State which property is to be attached; or

> (3) The action is any other in which the attachment is constitutionally permitted.

(c) If a resident individual defendant or an agent authorized to accept process for a corporation has acted to evade service.

(d) If the debtor has absconded or is about to abscond from the State; or if an individual has removed, or is about to remove, from his place of abode in the State with intent to defraud his creditors.

(e)     (1)  If the debtor is about to assign, dispose of, conceal, or remove his property or a portion of it from the State with intent to defraud his creditors; or

(2) If the debtor has done any of these acts, or fraudulently contracted the debt or incurred the obligation which is the subject of the pending action.

(f) If the debtor is deceased and an adult nonresident is entitled by descent or devise from the debtor to any land or interest in land in the State, an attachment may issue against that land or interest held by descent or devise from the person indebted.

(g)     If any person who is required to be but is not licensed under the provisions of the Maryland Home Improvement Law, in an action against that person arising out of a home improvement transaction.

The Court accepts that no Defendant fits within any of these categories. But that does not put Plaintiff out of Court.

At its core, attachment is a process:

> "designed to accomplish the dual purpose of compelling the defendant's appearance in court as well as providing the plaintiff with the security for the payment of his claim once it is established as being due. This security is obtained when a levy is made because that act creates an inchoate lien that remains as such until a judgment of condemnation absolute is entered."

*State v. Friedman*, 393 A.2d 1356, 1359 (Md. 1978) (internal citations omitted). The Court observes once again that the case at hand concerns properties allegedly purchased with illicit funds that have traveled through multiple financial institutions, but which originated with FGH's judgment debtor, the DRC. Section 3-303 of the Courts and Judicial Proceedings Article of the Maryland Code, which establishes the availability of attachment before judgment for some purposes does not say that the remedy is only available in the instances described in the statute.

For example, an attachment before judgment is recognized in Maryland Rule 2-648, which provides that "when a person fails to comply with a judgment prohibiting or mandating action, the court may order the seizure or sequestration of property of the noncomplying person to the extent necessary to compel compliance with the judgment . . . ." Md. R. Civ. P. 2-648(a).

Then, too, there is Maryland Rule 2-651, which provides remedies to judgment creditors with respect to property that happens to be in the hands of third parties:

> "[u]pon motion and proof of service, a court in which a judgment has been entered or recorded may order such relief regarding property subject to enforcement of the judgment as may be deemed necessary and appropriate to aid enforcement of the judgment pursuant to these rules, including an order (a) to any person enjoining the destruction, alteration, transfer, removal, conveyance, assignment, or other disposition of such property . . . ."

Md. R. Civ. P. 2-651. In effect, Maryland Rule 2-651 "provides a 'wild card' that may be used in extraordinary circumstances." *Burnett v. Spencer*, 146 A.3d 560, 564 (Md. Ct. Spec. App. 2016) (quoting Paul V. Niemeyer, Linda M. Schuett & Joyce E. Smithey, Maryland Rules Commentary 752 (4th ed. 2014)). Moreover, *McKinney v. Maryland Deposit Ins. Fund Corp.* indicates that, to utilize this rule, the judgment creditor seeking ancillary relief need only make a "reasonable, *prima facie* showing that the property is or may be subject to the judgment." 636 A.2d 10, 16, 18 (Md. Ct. Spec. App. 1994) (affirming order under Rule 2-651 that funds of third party be held in registry of circuit court pending resolution on merits of whether property in hands of another is indeed property of judgment debtor). The Court believes Plaintiff has made this showing.

Plaintiff is seeking to enjoin Defendants', while the case is pending, from in any way causing the "destruction, alteration, transfer, removal, conveyance, assignment, or other disposition of such property." *See* Md. R. Civ. P. 2-651(a). While there may be no immediate reason to believe that Defendants will dispose of the real estate in question before the case is over, the Court again reminds that all the properties under challenge were purchased with large amounts

14

of cash with no mortgages.[6] Additionally, the Court is in possession of a number of documents from Peter Grossman, Managing Director and co-founder of FG Capital Management, Ltd., the investment firm that manages FGH, who has attested that he spent many hours reviewing financial records produced in response to subpoenas served on the DRC as well as individual bank records of Defendants to try and substantiate the claims FGH is making regarding the role Defendants and their properties played in the alleged international embezzlement scheme. 22-cv-2369 ECF No. 3, Ex. 1. While Defendants submit that Grossman's assertions are inadmissible hearsay presented by a man who has a personal connection to the case, FGH argues that Grossman's information has been thoroughly sourced and at a minimum shows that FGH's concern over what Defendants may do with the property pendente lite is plausible. At the Motion to Dismiss phase of this case, where the bar is considerably lower than on Summary Judgment or at trial, the Court finds that FGH has reasonably demonstrated that Defendants' properties may very well be subject to the judgments it holds against the DRC and that the property should be attached before judgment. In discovery FGH may yet unearth more substantial evidence for trial.

One consideration remains:

Rule 2-115 of the Maryland Circuit Court Rules of Civil Procedure provides that if the Court is satisfied that the elements necessary in order for a plaintiff to obtain an attachment before judgment have been demonstrated, "it shall order issuance of the writ conditioned on the filing of

---

[6] As an aside, the Court notes that when the Writ of Attachment issues, a lis pendens is automatically placed in the real property records with respect to the properties at issue, further ensuring that the properties will not be sold while the litigation pends. *See* 51 Am. Jur. 2d Lis Pendens §§ 1, 2 ("A 'lis pendens' is a notice of litigation, placed in the real property records, asserting an interest in the property and notifying third parties that ownership of the property is disputed. 'Lis pendens' is a common-law and statutory doctrine which has the effect of providing constructive notice to the world of an alleged claim of a lien or an interest in property.")

a bond by the plaintiff for the satisfaction of all costs and damages that may be awarded the defendant or a claimant of the property by reason of the attachment." Md. R. Civ. P. 2-115(c). FGH has advised the Court that it is prepared to post bond in an amount deemed appropriate by this Court and indicates that it has assets sufficient to cover any damages which could conceivably be awarded to Defendants should they prevail. *See* 22-cv-2369 ECF No. 3. The Court will therefore direct that there be supplemental briefing regarding the amount of the bond to be set in connection with the attachment before judgment. Defendants shall propose an amount for the bond in ten (10) days. FGH shall respond within ten (10) days thereafter. In either event, the proposal of a bond amount should specify why parties believe the amount they propose is reasonable. The parties, however, shall attempt to agree on an appropriate amount for the bond beforehand.

Subject to the posting of a bond by FGH, the Court will issue a Writ of Attachment before Judgment pursuant to Maryland Rule 2-651.

A separate Scheduling Order regarding discovery and other issues will also issue.

## VI.    CONCLUSION

Defendants' Motion to Dismiss is **DENIED.** FGH's Motion for Writ of Attachment Before Judgment **WILL ISSUE** at such time as FGH posts bond in the amount to be set by the Court. FGH and Defendants are **DIRECTED TO CONSULT** with one another regarding the appropriate amount of bond for FGH to post, but should they fail to agree on the amount, they should submit pleadings **JUSTIFYING** the amount they are proposing.

A separate Order will **ISSUE.**

16

Date: September 5, 2023

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE