**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>CHIEF MAGISTRATE JUDGE<br>MDD_TJSchambers@mdd.uscourts.gov | U.S. Courthouse<br>6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>(301) 344-3593 |

October 23, 2024

LETTER TO COUNSEL:

      Re:    *FG Hemisphere Associates, LLC v. Democratic Republic of Congo, et al.*
               Case No. PJM-22-2369

Dear Counsel,

      This case was referred to me for all discovery and related scheduling matters. ECF No. 77. Pending before the Court are Plaintiff FG Hemisphere Associates, LLC's ("FGH") Motion to Compel Discovery Responses (ECF No. 65-1) and Motion to Strike Defendants' Opposition to Plaintiff's Motion to Compel (ECF No. 69), Defendants' Omnibus Motion for Protective Order and to Quash Subpoenas or Alternative to Limit the Scope of Subpoenas ("Omnibus Motion") (ECF No. 70), and the parties' joint letter requesting a conference with the Court on pending discovery disputes (ECF No. 75). Having considered the parties' submissions (ECF No. 65, 68, 69, 70, 71, 72, 74 & 75), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion to Compel (ECF No. 65-1) is **GRANTED**, the Motion to Strike (ECF No. 69) is **GRANTED**, and the Omnibus Motion (ECF No. 70) is **DENIED**.

      According to its Complaint (ECF No. 1), FGH holds outstanding and unpaid judgments against Defendants Democratic Republic of Congo ("DRC") and Societe Nationale D'Electricite ("SNDE"). FGH seeks, among other things, the imposition of a constructive trust on four pieces of real estate in Montgomery County, Maryland (the "properties"). Although the properties are titled in the names of Defendants Balanne Family Living Trust ("Balanne"), Aneth Dorah SF Mtwale ("Mtwale"), and Selemani Francis Mtwale ("Selemani") (collectively, "Defendants"), FGH alleges that they are actually assets of the DRC and SNDE. FGH claims that it should be permitted to execute upon the properties and to apply the proceeds of the sales to the judgments that it holds against the DRC and SNDE.

      After the Complaint was filed, Judge Messitte denied Defendants' motion to dismiss, and granted FGH's motion for writ of attachment before judgment. ECF No. 38 & 39. Thereafter, the Clerk of Court issued writs of attachment for the properties. ECF No. 55. A scheduling order was entered in March 2024, and the current deadline for the completion of fact discovery is January 20, 2025.

### I.    Discovery Under the Federal Rules of Civil Procedure

      The scope of discovery under Rule 26 is broad. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A "court *may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). A court "*must* limit the frequency or extent of discovery" if it finds that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

Under Rule 33, a party may serve written interrogatories on other parties concerning any matter within the scope of Rule 26(b). The party responding to interrogatories must answer them fully and under oath. Under Rule 34, a party may request that another party produce documents or electronically stored information in the responding party's possession, custody, or control. If a responding party fails to fully answer interrogatories or produce requested documents, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B).

A party opposing an interrogatory or document production request bears the burden to show why the discovery sought should not be allowed. *McNulty v. Casero*, No. SAG-16-2426, 2019 WL 5454900, at *3 (D. Md. Oct. 24, 2019) ("The party resisting discovery generally carries the burden to 'clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules.'") (quoting *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005)); *see also Hake v. Carroll County, Md.*, No. WDQ-13-1312, 2014 WL 3974173, at *5 (D. Md. Aug. 14, 2014) (stating that the party opposing a motion to compel carries the burden "to establish that the information is not relevant, or that the discovery request should be denied").

A "party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000) (Grimm, J.); *Papanicolas v. Project Execution & Control Consulting, LLC*, No. CBD-12-1579, 2015 WL 1242755, at *2 (D. Md. Mar. 17, 2015) (same); *Hake*, 2014 WL 3974173, at *4 (same). "A conclusory assertion of burden and expense is not enough." *Tucker*, 191 F.R.D. at 498; *see also Deutsche Bank Nat'l Tr. Co. v. Fegely*, No. 3:16CV147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020) (explaining that a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence stating with specificity the nature and extent of the burden and that merely objecting

"that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request") (internal quotation marks omitted).

## II.     FGH's Motion to Compel and Motion to Strike

FGH moves to compel the production of documents responsive to Document Production Request Nos. 1, 2, 5, 6, 7, 10, 15, 16, 18, 19, 21, 23, 28, 29 (as to Balanne); Nos. 1, 2, 5, 6, 8, 9, 11, 22, 23, 24, 25 (as to Selemani); and Nos. 1, 2, 5, 6, 8, 9, 11, 22, 23, 24 (as to Mtwale). FGH also moves to compel Defendants to supplement their answers to interrogatories: Interrogatory Nos. 9, 11, 15, 16 (as to Balanne); Nos. 2, 7, 8, 15, 16, 17 (as to Selemani); and Nos. 2, 7, 8, 15, 16, 17 (as to Mtwale).

FGH served and filed its Motion to Compel in accordance with Local Rules 104.7 and 104.8.[1] But Defendants did not serve a timely response to the Motion. Instead, Defendants elected to stand on their objections to the discovery requests and the arguments they made during the parties' unrecorded conferences. *See* ECF Nos. 65 at 2 (stating that "Defendants have not served any opposition to Plaintiff's Motion" and including in the packet only FGH's Motion to Compel, Reply, and the parties' Local Rule 104.7 Certification); 71 at 1 (conceding that Defendants did not comply with the briefing schedule set in the Local Rules).

Two weeks after FGH's fully briefed Motion to Compel was filed, Defendants filed a document titled "Response and Opposition to Plaintiff's Motion to Compel Discovery Responses" (ECF No. 68). This document contains the arguments that Defendants should have presented in response to FGH's Motion to Compel but chose not to do so. Defendants state that they elected not to serve a written response to FGH's Motion to Compel when required under Local Rule 104.8 because they had "hopes of arriving at an agreement with the Plaintiff's counsel [at] the several meet and confers that were conducted." ECF No. 71 at 1.

FGH moves to strike Defendant's "Response and Opposition to Plaintiff's Motion to Compel Discovery Responses." ECF No. 69. The Court agrees with FGH on this issue. Defendants did not comply with the time requirements of Local Rule 104.8. And Defendants' noncompliance was not a mistake; it was a strategic choice. The Court's discovery dispute procedure was designed

---

[1] Local Rules 104.7 and 104.8 set the procedure for how parties may present discovery disputes to the Court. Under these rules, if a party is dissatisfied with a response to an interrogatory or document production request, and the party has been unable to resolve the dispute informally, the party may serve a motion to compel on the responding party within 30 days of the deficient discovery response. Loc. R. 104.8(a). The motion is not to be filed with the Court. *Id.* Thereafter, the responding party has 14 days to serve its response to the motion, and then another 14 days for the moving party to serve its reply. Once the motion, response, and reply have been served, the parties are required to meet and confer to make reasonable efforts to resolve the dispute. Loc. R. 104.7; 104.8(b). If the parties are unable to resolve their dispute during their conference, the moving party may then file the motion, response, reply, and Local Rule 104.7 Certificate on CM/ECF.

to facilitate the just, speedy, and inexpensive conduct of discovery in civil cases. *See* Guideline 1 of Appendix A to the Court's Local Rules; *see also* Fed. R. Civ. P. 1. When parties comply with this procedure, the Court can quickly and efficiently resolve discovery disputes. But by filing their response out of time, Defendants have attempted an end-run around the Court's rules, which has led to the filing of even more briefing. Whether Defendants' untimely filing was an ill-thought strategy or unintentional blunder, it will not be tolerated. The Motion to Strike is **GRANTED**. The Clerk shall **STRIKE** Defendants' filing at ECF No. 68 from the docket, and the Court will not consider any arguments that Defendants have made in that filing.

Given the Court's ruling on FGH's Motion to Strike, Defendants have presented no substantive arguments in response to FGH's Motion to Compel (ECF No. 65-1). Having reviewed the Motion to Compel, the Court is persuaded by FGH's arguments that the discovery it seeks is within the scope of Rule 26(b). FGH's discovery requests are tailored to the claims and defenses in this case, and they are proportional to what is at stake. The Court declines to hold FGH's discovery requests to a higher standard than what the federal rules require. Defendants lost their motion to dismiss, and discovery has commenced. FGH is entitled to investigate its claims and Defendants' defenses. FGH's Motion to Compel (ECF No. 65-1) is **GRANTED**.

Within 14 days of the date of this Order, Defendants shall produce (1) complete, truthful, and non-evasive responses to the interrogatories at issue, and (2) complete responses to FGH's document production requests. The objections that Defendants have made to the document production requests at issue in the Motion to Compel are **OVERRULED**. Defendants may not withhold from production any responsive documents on the basis of the objections that they have made.

If Defendants violate this Order, FGH may seek sanctions under Rule 37(b), and the Court may impose the following sanctions against Defendants:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

### III. Defendants' Omnibus Motion

Defendants move to quash and for a protective order as to 20 subpoenas that FGH issued to third-party financial institutions. ECF No. 70. They argue that FGH should not be permitted to take discovery from the third parties because Defendants have already "demonstrated through voluminous documentation that the source or sources of funds for the acquisitions of the

properties" was not acquired with funds embezzled from the Democratic Republic of Congo. *Id.* at 2, 6. They argue that FGH's subpoenas (1) unfairly malign the Defendants, (2) are excessively broad in scope, and (3) do not comply with Maryland's law governing the disclosure of financial records in compliance with subpoenas. FGH opposes the Omnibus Motion. ECF No. 72.

Under Rule 45, a party ordinarily "does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); *see also In re Grand Jury Subpoena John Doe, No. 05GJ1318*, 584 F.3d 175, 184 n.14 (4th Cir. 2009); *Eichenwald v. Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018) ("A party generally lacks standing to challenge a subpoena issued to a third-party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter. A motion to quash, or for a protective order, should generally be made by the person from whom the documents or things are requested."). "This general rule applies whenever a party challenges a subpoena, including when the party challenges a subpoena on the ground that it seeks irrelevant information." *Eichenwald v. Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018); *see also Marriott Int'l, Inc. Customer Data Sec. Breach Litig.*, No. 8:19-MD-02879, 2021 WL 7083238, at *6 (D. Md. Jan. 22, 2021) (Grimm, J.). Defendants have not plausibly asserted any privilege, proprietary interest, or personal interest in the subpoenaed matter. *See Elat v. Ngoubene*, No. PWG-11-2931, 2013 WL 12323806 (D. Md. July 10, 2013). Accordingly, they lack standing to challenge the subpoenas, and the Omnibus Motion is **DENIED**.[2]

Alternatively, even if Defendants had standing to challenge the subpoenas, the Court would not quash the subpoenas or issue a protective order. The subpoenas at issue seek four categories of documents in the possession of the third parties, from January 2013 to the present:

- All documents, including orders, instructions, and wire transfer records where any of 12 named "Discovery Targets" (including Defendants and entities associated with them) are named as an originator, beneficiary, or are otherwise referenced;
- All documents, including orders, instructions, and wire transfer records where any of the Defendants or certain identified entities (collectively, the "Recipients of Embezzled Funds") are named as an originator, beneficiary, or are otherwise referenced;
- All documents relating to any account in the name of, or held for the benefit of, the Recipients of Embezzled Funds; and
- All documents relating to loans, lines of credit, or other financing arrangements relating to the Discovery Targets or the properties at issue in this case.

The documents sought in the subpoenas appear relevant to the claims and defenses, and proportional to what is at issue in this case. If any of the subpoena recipients find the requests to

---

[2] Some courts have entertained a party's challenge to a subpoena when the subpoena was issued in violation of the Court's scheduling order. *See Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567 (W.D.N.C. 2002); *see also 476 K St., LLC v. Seneca Specialty Ins. Co.*, No. TDC-14-2739, 2015 WL 3464459, at *2 (D. Md. May 28, 2015). There is good reason to allow parties to challenge untimely subpoenas, but the Court does not reach that question here. FGH's subpoenas were timely issued.

be so broad that compliance would impose an undue burden, Rule 45 provides a procedure for the non-parties to seek relief. And that Defendants have already turned over "voluminous documentation" that, in their view, disproves FGH's allegations is of no moment. In our adversarial system, parties are permitted to independently investigate their claims and defenses during discovery.

The Court rejects Defendants' argument that the subpoenas' reference to Defendants as "Recipients of Embezzled Funds" is malicious. This categorical description is a fair characterization of FGH's position as to Defendants' conduct, and there is no indication that FGH so characterized the Defendants in order to cause injury or embarrassment. And the Court disagrees that the terms and definitions used in the subpoenas are improperly "vague." The Court declines to issue a protective order on this basis.

The Court also rejects Defendants' argument that the subpoenas run afoul of Maryland Code, Financial Institutions § 1-304. It is unclear whether this law applies (because Rule 45 has its own notice requirements), but even assuming that it does, the Court is satisfied that FGH has provided the notice required. And in any event, this is not a reason to issue a protective order or order quashing the subpoenas.

Finally, to the extent that the subpoenas seek documents that might properly be deemed confidential, there is a protective order (ECF No. 64) in place governing the designation of confidential documents. If Defendants wish to designate any documents as confidential, they should follow the procedure set forth in this order.

### IV.     Other Discovery Disputes

In the joint correspondence dated October 16, 2024, the parties seek "a conference with this Court to discuss the various discovery disputes that came to light during Defendant Selemani's October 9, 2024 deposition." ECF No. 75. The Court declines to convene a conference without first understanding the relief that either party seeks and the opposing party's position on that relief.

Accordingly, the parties are ordered to meet and confer, in person, by telephone, or by remote means (email will not suffice) and make reasonable efforts to resolve the pending discovery disputes. Under Local Rule 104.7, a "reasonable effort" means meeting in person or by video or telephonic means for a reasonable period of time in a good-faith effort to resolve the disputed matter. By **November 1, 2024**, the parties shall file a **joint** status report on CM/ECF advising (1) whether the parties resolved all of their disputes and (2) itemizing any disputes that were not resolved. For any unresolved disputes, each party shall provide a brief statement (not to exceed one page, double spaced, per party, per issue) explaining the party's position on the issue, the basis for the position, and the relief requested. Once the Court reviews the parties' joint submission, the Court will either issue a ruling, request additional briefing, or convene a telephone conference.

### V.      Scheduling Order

The Court has reviewed the Amended Scheduling Order (ECF No. 76) and wishes to clarify one matter. Motions to compel or motions for protective orders must be served promptly. Under

Local Rule 104.7, such motions must be served no later than 30 days of the party's receipt of a deficient discovery response. A failure to promptly present discovery disputes "may result in a determination by the Court that the dispute must be rejected as untimely." Guideline 1(f), Appendix A, Local Rules. Any deadline for the filing of motions to compel in the Amended Scheduling Order that is inconsistent with the Local Rules is superseded by the Local Rules.

      Despite the informal nature of this letter, it is an Order and Opinion and shall be docketed as such.

Sincerely yours,

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge